UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number:        17-cv-81162-BLOOM/Reinhart

JUAN TORRES and
ALEJANDRO TORRES,

       Plaintiffs,

vs.

FIRST TRANSIT, INC.,

       Defendant.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO FIRST TRANSIT, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES**

Plaintiffs, **JUAN TORRES and ALEJANDRO TORRES**, file this response in opposition to defendant First Transit, Inc.'s Motion to Strike Plaintiff's Expert Disclosures (D.E. 42) and respectfully ask this Honorable Court to deny defendant's aforementioned motion, and as grounds therefor state:

**FACTS OF THE CASE AND PROCEDURAL POSTURE**

This case arises from an automobile accident that occurred on September 30, 2017 at the intersection of North Military Trail and NW 19th Street in Boca Raton, Florida. Plaintiff Juan Torres, at the time of the subject incident, was driving his landscaping truck and trailer south on North Military Trail, with plaintiff Alejandro Torres in the passenger seat. As Juan Torres approached the intersection of NW 19th Street in Boca Raton, Florida, he had a green light to proceed through the intersection. Defendant's employee, Olivier J. Laurent, was driving defendant's bus north on North Military Trail, and suddenly and unexpectedly made a left turn onto NW 19th Street in front of Juan Torres' truck and violated Juan Torres' right of way. The

front of Juan Torres' truck crashed into the passenger side of defendant's bus, and Juan Torres and Alejandro Torres were severely injured in the crash. After being extricated from their work truck by Fire Rescue crews with the "jaws of life," Juan Torres and Alejandro Torres were transported to Delray Medical Center where they were diagnosed with numerous injuries each, including broken bones; were hospitalized for fourteen days and eight days, respectively; were treated surgically for some of their injuries and amassed massive medical bills for the treatment they received.

The following is a chronology of pertinent events in this case:

| | |
|---|---|
| September 30, 2017 | Crash (D.E. 1); |
| October 17, 2017 | Lawsuit filed in this case (D.E. 1); |
| October 20, 2017 | Defendant is served (D.E. 4); |
| December 11, 2017 | Serve Plaintiffs' Fed.R.Civ.P. 26(a)(1)(A) Disclosure on defendant in which Plaintiffs list all of their treating doctors, except Dr. Nir Hus; |
| December 13, 2017 | Email 12mb pdf file containing Alejandro Torres' 172 page medical abstract and bills from Delray Medical Center to Attorney Nicolosi; |
| December 13, 2017 | Email 14mb pdf file containing Juan Torres' 205 page medical abstract and bills from Delray Medical Center to Attorney Nicolosi; |
| February 16, 2018 | Plaintiffs serve answers to defendant's first set of interrogatories through which plaintiffs list their treating doctors (except Dr. Nir Hus) and each state |

|  |  |
|---|---|
|  | "I intend to call the doctors who treated the injuries I sustained to testify as expert witnesses in this case. Please see answer to question 7 for a list of the doctors who treated me that I will call as an expert witness" in response to one of the questions.; |
| March 2, 2018 | Plaintiffs again produce all medical records to defendant; |
| March 16, 2018 | Plaintiffs send medical records and bills from South Palm Orthopedics to defendant; |
| March 20, 2018 | Plaintiffs send medical records and bills from Spine Institute of South Florida to defendant; |
| April 10, 2018 | Plaintiffs send more medical records and bills from South Palm Orthopedics to defendant; |
| May 23, 2018 | Plaintiffs attend IME performed by Dr. Michael Zeide; |
| June 5, 2018 | Plaintiffs serve 12 page Rule 26(a)(2)(C) Expert Witness Disclosure and Summaries on Defendant through which plaintiffs identify all treating physicians they intend to call as expert witnesses in this case and state that the treating physicians' "'expert testimony' in this case will be made pursuant to Federal Rules of Evidence 702, 703 and 705" for each treating physician and the summaries fully comply with all requirements of Rule 26(a)(2)(C). (D.E. 42-1); |

| | |
|---|---|
| June 5, 2018 | Defendant serves its Expert Witness Disclosure and Reports on plaintiffs through which defendant discloses Dr. Michael Zeide and produces his CME Report; |
| June 8, 2018 | Defendant deposes plaintiffs on one day's notice; |
| July 3, 2018 | Discovery Cutoff; |
| July25, 2018 | Defendant files their Motion to Strike Plaintiff's Expert Witness Disclosure. |

**ARGUMENT AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DISCLOSURE**

**1. Introduction**

This honorable Court should deny defendant <u>First Transit, Inc.'s Motion to Strike Plaintiff's Expert Disclosure</u> (D.E. 42) as plaintiffs provided a comprehensive Expert Witness Disclosure and Summaries under Rule 26(a)(2)(C) approximately one month prior to discovery cutoff in this case through which the plaintiffs notified the defendant that "'expert testimony' in this case will be made pursuant to Federal Rules of Evidence 702, 703 and 705" for each treating physician. (D.E. 42-1); have provided to defendants (as early as December 13, 2017) all medical records for the diagnosis and treatment of the injuries the plaintiffs sustained in the subject crash; and advised defendant on February 16, 2018 through their answers to interrogatories that they "intend to call the doctors who treated the injuries I sustained to testify as expert witnesses in this case. Please see answer to question 7 for a list of the doctors who treated me that I will call as an expert witness." In the event this honorable Court finds plaintiffs' Rule 26(a)(2)(C) disclosure deficient, this honorable Court should still deny defendant's Motion to Strike as plaintiffs' deficient disclosure was harmless and permit the plaintiffs to cure the deficiency.

2. **Applicable Law**

At the outset of plaintiffs' response to defendant's Motion to Strike, plaintiffs' acknowledge and concede that there is a significant body of case law defendant cited in its Motion to Strike that indicates that the appropriate disclosure for "expert" testimony would be a Rule 26(a)(2)(B) disclosure. While the decisional law indicates that the Rule 26(a)(2)(B) disclosure is appropriate disclosure for expert testimony, striking non-compliant disclosure and excluding the testimony of the witness is not an automatic sanction under Federal Rule of Civil Procedure 37. *Kondragunta et al v. Ace Doran Hauling & Rigging Co. et al*, 2013 WL 1189493 (N.D. Ga. 2013). Federal Rule of Civil Procedure 37(c)(1) entitled <u>Failure to Disclose or Supplement</u> states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*" (emphasis added) and affords the Court broad discretion in determining whether to admit Expert Testimony.

> A. *The Failure to Disclose Pursuant to Rule 26(a)(2)(B) instead of Rule 26(a)(2)(C) was justified and is harmless in this case*

*Kondragunta et al v. Ace Doran Hauling & Rigging Co. et al*, 2013 WL 1189493 (N.D. Ga. 2013), is particularly instructive in the case at bar as *Kondragunta* is factually similar and involves some of the same issues as are before the Court on defendant's instant motion. *Kondragunta* arises from a motor vehicle accident that occurred on April 7, 2009 in Georgia. As a result of the accident in *Kondragunta*, the plaintiff in that case, Kondragunta, sustained injuries and subsequently filed suit in Georgia state court that the defendant removed to the United States District Court for the Northern District of Georgia. While the case was pending, defendant filed a Motion for Summary Judgment on the issue of causation. In response to defendant's Motion for Summary Judgment, Kondragunta filed affidavits from Kondragunta's treating physicians through which the treating doctors testified that the injuries Kondragunta sustained were causally related to the crash in that case. In response to Kondragunta's treating physicians affidavits, the

defendant filed a Motion to Strike the affidavits arguing that the treating physicians were not properly disclosed as expert witnesses under Rule 26(a)(2)(B).

Kondragunta's attorneys served an initial disclosure on defendant stating that they had "not yet decided on experts for use at trial." *Kondragunta*, Page 9.  Later in the litigation, in response to an interrogatory that asked "'identify each expert of every type expected to testify at trial,' as well as to set out the subject matter and facts underlying the expert's opinion and a summary of the grounds for each opinion.  (Id.)  In June 2011, plaintiff responded to Interrogatory 19, noting that he had not made a decision as to whether he would retain any experts, but also directing defendants to review plaintiff's initial disclosure regarding experts" *Id.* at 9.

Later in the litigation, Kondragunta supplemented his initial disclosure with the following disclosure:

> "Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Plaintiffs hereby also identify the following treating physicians who may testify regarding their treatment of Plaintiff Madhusudhana Kondragunta ("Plaintiff Kondragunta"), evaluation of Plaintiff Kondragunta, the injuries caused by the collision at issue in this case, Plaintiff Kondragunta's jaw surgery (Dr. Shahrokh C. Bagheri and Dr. Gary Bouloux), Plaintiff Kondragunta's back and/or neck injuries (Dr. Lee Kelley, Dr. D. Hal Silcox, and Dr. Donald Langenbeck), their medical records relating o Plaintiff Kondragunta's care and medical history, Plaintiff Kondragunta's prior treatment and future prognosis and treatment and the need for Plaintiff Kondragunta to have additional surgeries, and any other opinions contained in their medical records or deposition testimony (all of the below names are known to Defendants and Defendants have their addresses):
>
> 1. Lee A. Kelley, M.D.;

    2. D. Hal Silcox, III, M.D.;

    3. Donald Langenbeck, M.D.;

    4. Shahrokh C. Bagheri, D.M.D., M.D., F.A.C.S.; and

    5. Gary F. Bouloux, D.D.S., M.D., M.D.Sc."

Kondragunta also supplemented the answer to the aforementioned interrogatory with the above disclosure but didn't use this phrase "Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure" when supplementing the answer to interrogatory. *Id.* at 10.

The United States District Court for the Northern District of Georgia first considered the defendant's Motion to Strike the expert's affidavits based upon non-compliance with Rule 26(a)(2)(B) and Rule 26(a)(2)(C). The Court wrote "A court may exclude affidavits or testimony from a witness when "a party fails to provide information or identify a witness as required by Rule 26(a)." FED.R.CIV.P. 37(c)(1). *However, a court does not have to impose those sanctions if it believes the failure was "substantially justified or is harmless."* Id." *Id.* at 17. (Emphasis added).

The Court in *Kondragunta* then enumerated a five factor test used to determine if insufficient disclosure is harmless. The five factors are "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 17. The Court applied the five factors to the facts in the *Kondragunta* case and denied the defendant's Motion to Strike as it held that there was no surprise to the defendant as the plaintiff had disclosed information (albeit incomplete) under Rule 26(a)(2)(C); the defendant had the ability to ask Kondragunta to cure the deficiency, and, if Kondragunta failed to cure the deficiency, the defendant could have applied to the Court to intervene and order the plaintiff to provide a compliant disclosure, but failed to do so; that the evidence defendant sought to exclude was quite important to the plaintiff's case; and, it was satisfied with Kondragunta's explanation for failure to provide a compliant Rule 26(a) disclosure.

Regarding the fifth factor, the Court wrote:

" Finally, looking to the fifth factor--the nondisclosing party's explanation for its failure to disclose the evidence--this factor does weigh against the plaintiff.  As discussed below, one could readily assume uncertainty on plaintiff's part as to whether he needed to submit a Subsection B report for his Treating Physicians, but he knew he had to submit, at the least, a Subsection C report and should have been aware that his disclosure did not comply with subsection (ii) of Rule 26(a)(2)(C).  Yet, just as defendants took a gamble–-by failing to depose plaintiff's only witnesses on causation in the hopes that plaintiff's arguable compliance with Subsection B and/or C would result in exclusion of these witnesses–-plaintiff also took a risk in presenting a Subsection C disclosure that did not fully comply Subsection C.

In a similar situation, the Eleventh Circuit has noted:

We do not commend either party on its efforts to resolve this dispute. [The proponent of the expert] would do well to make sure that, in the future, its Rule 26 disclosures comport with both the spirt and the letter of the rule.  Nonetheless, [the opposing party] allowed this impasse to continue well beyond the point of good faith efforts to resolve the issue without court intervention, never moving for an order requiring any more detailed response under Rule 26.  *Griffith v. Gen. Motors Corp.*, 303 F.3d 1276, 1283 (11th Cir. 2002)" *Id.* at 20.

### 3. **Application of the Law to the Facts in this Case**

Turning to our case, it is clear that the defendant's motion should be denied.  First Transit, Inc. argues "First, it comes as a complete surprise that Dr. Russell D. Weisz, Dr. Edward Chung, Dr. Nir Hus and Dr. William Toole intend to provide causation, future treatment and future medical costs testimony…"  This argument is a nonstarter as plaintiffs provided medical records, answered interrogatories and served their Rule 26(a)(2)(C) disclosure through which

plaintiffs comprehensively summarized the facts and opinions about which Doctors Weisz, Chung, Hus and Toole would testify. In fact, Plaintiffs' Rule 26(a)(2)(C) disclosure (D.E. 42-1) is far more comprehensive than Kondragunta's and complies with Rule 26(a)(2)(C)(i) as well as Rule 26(a)(2)(C)(ii). Through plaintiff's June 5, 2018 <u>Plaintiffs' Juan Torres and Alejandro Torres Rule 26(a)(2)(C) Expert Witness Disclosure and Summaries</u> (D.E. 42-1) plaintiffs disclosed the names and addresses of the expert witnesses being disclosed, as well as the facts upon which the treating physicians will rely and the opinions about which they were expected to testify. This would be enough to satisfy factor 1, the element of surprise, but plaintiffs must note that First Transit's CME doctor, Michael Zeide, M.D., reviewed the plaintiffs' medical records on May 21, 2018 and performed CMEs on plaintiffs on May 23, 2018 and not only found causation but also assigned permanent impairment ratings to the plaintiffs for the grievous injuries they sustained in the subject incident and opined that plaintiff Juan Torres may need future surgery on his right ankle. (D.E. 48-4, D.E. 48-5). Given plaintiffs' comprehensive disclosures, plaintiffs' grievous injuries, and defendant's own expert's opinion on causation and permanence, it is almost impossible for defendant to make a case that they are surprised that plaintiffs' treating doctors testimony on causation, future care or the cost of future care.

Counsel for Juan Torres and Alejandro Torres served their Rule 26(a)(2)(C) disclosure and summaries on defendant on June 5, 2018. Discovery cutoff was July 3, 2018 which was almost a full month after plaintiffs served their Rule 26(a)(2)(C) disclosure and summaries on defendant. Defendant could have asked plaintiffs' counsel for a Rule 26(a)(2)(B) report and disclosure and plaintiff would have complied with the request as plaintiffs' counsel has worked well with First Transit, Inc.'s counsel throughout this matter. Had plaintiff not complied with a request for a Rule 26(a)(2)(B) disclosure, defendant could have asked this Honorable Court to determine if plaintiffs' disclosure was adequate, or asked the Court to order plaintiffs to provide a Rule 26(a)(2)(B) compliant disclosure. Counsel for defendant chose not to do either.

As Judge Carnes wrote in *Kondragunta* "The problem for defendants, though, is that they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery, by advising plaintiff that his disclosures did not comply with the rule and by requesting more specific disclosures. Had plaintiff resisted, defendants could have sought the

intervention of the Court.  Defendants did not do so, but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony.  Indeed, the fourth factor of the test looks to the importance of the evidence sought to be excluded.  Here, if plaintiff's experts are excluded, his case will not make it past summary judgment.  Thus, clearly the evidence is quite important." *Id*. at 19.  While defendant did not file a motion for summary judgment on causation in this case (as they couldn't because their own IME doctor opined that all but one of the plaintiffs' injuries were caused in the crash and assigned permanent impairment ratings to the plaintiffs), the same test to determine the importance of the testimony/evidence would apply to a motion for a directed verdict.  Plaintiffs served their Rule 26(a)(2)(C) disclosure and summaries on defendant on June 5, 2018 and defendant didn't attempt to cure, instead sat back and "laid in wait, hoping that plaintiff's non-compliance would doom [their] ability to offer expert testimony." *Id*.

Regarding factor 3, this case is set for trial on the two week trial calendar commencing October 29, 2018.  Should this Court determine that plaintiffs' Rule 26(a)(2)(C) disclosure and summaries are deficient, plaintiffs' counsel is confident that he can acquire Rule 26(a)(2)(B) disclosures and serve them on defendant quickly as the Court authorized in *Kondragunta* and plaintiffs will work with defendants to ensure that they can take the depositions of the treating physicians.  As noted earlier, plaintiffs and plaintiffs' counsel were available for deposition in this case on extremely short notice.

Finally, with regard to factor five, as counsel for the plaintiffs was contemplating which disclosure plaintiffs had to make for the treating physicians expert testimony, counsel for the plaintiffs read Federal Rule of Civil Procedure 26(a)(2) as well as the <u>Committee Notes on Rules-2010 Amendment</u> which states, in pertinent part:

> "Subdivision (a)(2)(C). Rule 26(a)(2)(C) is added to mandate summary
> disclosures of the opinions to be offered by expert witnesses who are not required
> to provide reports under Rule 26(a)(2)(B) and of the facts supporting those
> opinions. This disclosure is considerably less extensive than the report required by
> Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in

mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."

Based upon the plain language of the Rule and the Committee Notes, plaintiffs' counsel concluded that disclosure under Rule 26(a)(2)(C) was appropriate and plaintiffs served a disclosure and summaries that were fully compliant with Rule 26(a)(2)(C) and put defendant on notice exactly what plaintiffs' treating physicians, who were not specifically retained, would testify about in this case, including causation, permanence and future care.  Plaintiffs argue that <u>Plaintiffs' Juan Torres and Alejandro Torres Rule 26(a)(2)(C) Expert Witness Disclosure and Summaries</u> (D.E. 42-1) are compliant, comprehensive and clearly put defendant on notice what testimony (fact and opinion) the treating physicians will offer.  Should this Honorable Court decide that plaintiffs' counsel misapprehended the Rule 26(a)(2) disclosure requirements, plaintiffs' counsel will supplement the expert witness disclosures so they comply with this Honorable Court's ruling on same.

Plaintiffs note that defendant did not attempt to depose plaintiffs' treating physicians in this case.

## CONCLUSION

For the reasons stated above, this honorable Court should deny defendant <u>First Transit, Inc.'s Motion to Strike Plaintiff's Expert Disclosure</u> (D.E. 42).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on July 27, 2018.  I also Certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

<pre>
                              /s/ Marc A. Chandler
                              MARC A. CHANDLER
                              PAPE & CHANDLER, P.A.
                              151 N. NOB HILL ROAD, SUITE 358
                              PLANTATION, FLORIDA 33324
                              TELEPHONE:        (954) 462-7800
                              FLORIDA BAR NO:   46094
                              EMAIL: marc.chandler@papeandchandler.com
                              ATTORNEY FOR PLAINTIFF
</pre>

## SERVICE LIST

Benjamin M. Esco, Esq.
FBN: 722448
Email: Ben.Esco@csklegal.com
Email: Haydrich.Estrada@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6737
Facsimile: (305) 373-2294
Attorneys for Defendant, First Transit, Inc.

Giancarlo V. Nicolosi, Esq.
FBN: 0022808
E-mail: Giancarlo.Nicolosi@csklegal.com
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6826
Facsimile: (305) 373-2294
Attorneys for Defendant, First Transit, Inc.