UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case Number:        17-cv-81162-BLOOM/Reinhart

JUAN TORRES and
ALEJANDRO TORRES,

       Plaintiffs,
vs.

FIRST TRANSIT, INC.,

       Defendant.
_____/

**PLAINTIFFS JUAN TORRES AND ALEJANDRO TORRES' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF CAUSATION AND PERMANENCE WITH INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs **JUAN TORRES and ALEJANDRO TORRES**, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, respectfully request that this honorable Court enter an order granting summary judgment that the injuries plaintiffs **JUAN TORRES and ALEJANDRO TORRES** complained of in this case were caused in the subject incident and that those injuries caused in the subject incident are permanent injuries within a reasonable degree of medical probability as there is no genuine issue of material fact on these issues and plaintiffs are entitled to a judgment as a matter of law on these issues. Plaintiffs file this Memorandum of Law in support of this motion and state:

**PLAINTIFFS' AMENDED STATEMENT OF MATERIAL FACTS**

    Plaintiffs' Amended Statement of Material Facts (D.E. 52) in support of the instant motion has been filed separately pursuant to the Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge issued December 12, 2017 by the Honorable Judge Beth Bloom (D.E. 14) and the Order Granting Motion for Leave to

<u>File Amended Motion for Partial Summary Judgment</u> issued July 31, 2018 by the Honorable Judge Beth Bloom.  (D.E. 51).

## ARGUMENT AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. <u>Introduction</u>

This honorable Court should grant partial summary judgment that the injuries plaintiffs complained of in this case were caused in subject incident and the injuries caused by the subject incident are permanent injuries within a reasonable degree of medical probability as there are is genuine issue of material fact on either issue and the plaintiffs are entitled to judgment as a matter of law on these issues.

2. <u>Applicable Law</u>

    A.  *Summary Judgment*

Pursuant to Federal Rules of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  "[T]he plain language of [Rule 56(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole would not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'" and the court may grant the motion for summary judgment.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The operative facts in this case as enumerated in <u>Plaintiffs' Amended Statement of Material Facts</u> (D.E. 52), have been admitted by the defendant in its <u>Answer and Affirmative Defenses</u> (D.E. 13) to the <u>Complaint for Damages</u> (D.E.1) as well as the admissions of the

defendant in response to requests for admissions and the IME Report of defendant's doctor, Michael Zeide, M.D. (D.E. 48-4 and D.E. 48-5)

### B. Tort Damages Under The Florida No-Fault Statute

In order to recover non-economic damages in Florida for injuries sustained in an automobile accident, Florida Statute §627.737 is controlling. Florida Statute §627.737 conditions the recovery of non-economic damages on the plaintiff sustaining certain levels of injury. Florida Statute §627.737 states, in pertinent part, "(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for her or his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:

(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death."

As Florida Statute §627.737, conditions recovery of tort damages on sustaining a "threshold" injury, testimony regarding the extent of a plaintiff's injuries is material to the determination of the issue of what damages a plaintiff can recover. As Russell Weisz, M.D., plaintiffs' treating doctor, opined that **JUAN TORRES and ALEJANDRO TORRES** each suffered permanent injuries within a reasonable degree of medical probability, the question is whether defendant can provide any testimony that will controvert **JUAN TORRES and ALEJANDRO TORRES'** doctor's testimony as to permanent injury. The answer to this question is in the negative.

Defendant hired Dr. Michael Zeide to perform compulsory medical examinations of plaintiffs **JUAN TORRES and ALEJANDRO TORRES**.  (D.E. 48-4, Page 1, Paragraph 2; D.E. 48-5, Page 1, Paragraph 2)  Dr. Zeide reports that he reviewed the plaintiffs' medical records that described the treatment they received for the injuries they sustained in the subject incident on May 21, 2018 and performed a compulsory medical examination on the plaintiffs on May 23, 2018.  (D.E. 48-4, Page 1; D.E. 48-5, Page 1).  Dr. Zeide reported his findings of his compulsory medical examinations of the plaintiffs **JUAN TORRES and ALEJANDRO TORRES** in written reports dated May 23, 2018.

In his May 23, 2018 report on plaintiff **ALEJANDRO TORRES**, Dr. Zeide wrote in the section entitled <u>Conclusion</u> "For the injuries sustained in the MVA he would be ascribed" and then provided a matrix of the injuries and respective impairment ratings for each injury.  (D.E. 48-4, Page 10).  In the matrix, Dr. Zeide attributed the following injuries to the subject incident: "Compression fracture L4; L1-5 Transverse process fractures; Comminuted fractures proximal tibia and fibula; and Fracture medial and posterior malleolus."  (D.E. 48-4, Page 10).  Dr. Zeide assigned a 5% permanent impairment rating of the body as a whole to plaintiff **ALEJANDRO TORRES** as a result of the injuries **ALEJANDRO TORRES** sustained in the subject incident.  (D.E. 48-4, Page 10).

In his May 23, 2018 report on plaintiff **JUAN TORRES**, Dr. Zeide wrote in the section entitled <u>Conclusion</u> "For the injuries sustained in the MVA he would be ascribed" and then provided a matrix of the injuries and respective impairment ratings for each injury.  (D.E. 48-4, Page 10).  In the matrix, Dr. Zeide attributed the following injuries to the subject incident: "Right rib fractures, 3-7 ribs; Right sternal body fracture; Mid femoral shaft fracture Distal femoral shaft fracture; Comminuted fracture of the patella; Non-displaced fracture of the proximal fibula; and Right intra-articular calcaneal fracture."  (D.E. 48-5, Page 17).  In his May 23, 2018 report on plaintiff **JUAN TORRES**, Dr. Zeide assigned a 16% permanent impairment rating of the body as a whole to plaintiff **JUAN TORRES** as a result of the injuries **JUAN TORRES** sustained in the subject incident.  (D.E. 48-5, Page 16-17).

Plaintiffs' treating physician Dr. Russell Weisz has opined through his July 25, 2018 Affidavit that plaintiffs **JUAN TORRES and ALEJANDRO TORRES** have permanent injuries within a reasonable degree of medical probability as a result of the subject incident. (D.E. 48-9, Paragraphs 5 and 7).  As a result, there is no issue, let alone genuine issue, of material fact on the issue of whether plaintiffs sustained permanent injuries within a reasonable degree of medical probability as a result of this accident and if the injuries described by Dr. Zeide were caused in the subject incident.

## CONCLUSION

For the reasons stated above, this honorable Court should grant this motion and partial summary judgment for plaintiffs **JUAN TORRES and ALEJANDRO TORRES** that they sustained permanent injuries within a reasonable degree of medical probability in the subject incident and the injuries were caused in the subject incident.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on August 1, 2018.  I also Certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Marc A. Chandler
MARC A. CHANDLER
PAPE & CHANDLER, P.A.
151 N. NOB HILL ROAD, SUITE 358
PLANTATION, FLORIDA 33324
TELEPHONE:          (954) 462-7800
FLORIDA BAR NO:     46094
EMAIL: marc.chandler@papeandchandler.com
ATTORNEY FOR PLAINTIFF

## **SERVICE LIST**

Benjamin M. Esco, Esq.
FBN: 722448
Email: Ben.Esco@csklegal.com
Email: Haydrich.Estrada@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6737
Facsimile: (305) 373-2294
Attorneys for Defendant, First Transit, Inc.


Giancarlo V. Nicolosi, Esq.
FBN: 0022808
E-mail: Giancarlo.Nicolosi@csklegal.com
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone: (786) 268-6826
Facsimile: (305) 373-2294
Attorneys for Defendant, First Transit, Inc.