# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-81162-BLOOM/Reinhart

JUAN TORRES, and
ALEJANDRO TORRES

    Plaintiffs,

v.

FIRST TRANSIT, INC.,

    Defendant.     /
_____

## ORDER ON MOTION TO STRIKE EXPERT DISCLOSURES

**THIS CAUSE** is before the Court upon Defendant First Transit, Inc.'s ("Defendant") Motion to Strike Plaintiff's Expert Disclosures, ECF No. [42] ("Motion to Strike"). Plaintiffs Juan Torres and Alejandro Torres (collectively "Plaintiffs") filed a Response, ECF No. [49], to which Defendant replied, ECF No. [56]. The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

This case arises from an automobile accident that occurred on September 30, 2017. *See* ECF No. [1]. Plaintiffs filed this lawsuit seventeen days later on October 17, 2017. *Id.* On December 11, 2017, Plaintiffs served their initial disclosures under Rule 26(a)(1) in which they listed all of their treating physicians with the exception of Dr. Nir Hus. *See* ECF No. [49]. Two days later, Plaintiffs produced via email their respective medical abstracts and bills from Delray Medical Center. *Id.* On February 16, 2018, Plaintiffs served their Answers to Defendant's First Set of Interrogatories in which they listed their treating physicians, with the exception of Dr. Hus, and stated the following: "I intend to call the doctors who treated the injuries I sustained to

testify as expert witnesses in this case. Please see answer to question 7 for a list of the doctors who treated me that I will call as an expert witness." *Id.* Throughout March and April of 2018, Plaintiffs produced their medical records and bills to Defendant, including records from South Palm Orthopedics and Spine Institute of South Florida. *Id.* On May 23, 2018, Plaintiffs attended a compulsory medical examination with Defendant's expert orthopedic doctor, Dr. Michal Zeide. *Id.*

Thereafter, on June 5, 2018, Plaintiffs served their 12-page Rule 26(a)(2)(C) Expert Witness Disclosure and Summaries on Defendant in which they identified those treating physicians they intend to call as expert witnesses, consisting of Dr. Russell D. Weisz, Dr. Edward Chung, Dr. Nir Hus, and Dr. William Toole. *See* ECF No. [42-1]. Both parties are in agreement that these disclosures were timely. *See* ECF Nos. [49] and [56]. For each of these treating physicians, Plaintiffs generically indicated that they would testify about the injuries Plaintiffs sustained in the subject incident, their diagnoses of the injuries, the means by which they made the diagnoses, the formulation of a treatment plan, the treatment provided, their respective prognoses, and the need and cost for future treatment. *Id.* In addition, Plaintiffs generally indicated that each treating physician would testify about causation, permanency of the injuries, and damages and any expert testimony would be made pursuant to Federal Rules of Evidence 702, 703 and 705. *Id.* Plaintiffs thereafter provided a summary of facts that each treating physician was expected to testify to as to each individual Plaintiff as well as a summary of opinions. *Id.* The latter portion of the disclosure was much more specific, identifying specific medical diagnoses given to each Plaintiff as well as reductions in range of motion caused by the injuries to each Plaintiff. *Id.* In addition, the summary of opinions disclosed that the doctors would opine that the injuries were caused by the subject accident,

the injuries are permanent, the bills for services are usual, customary, and reasonable, the injuries are part of the damages Plaintiffs sustained in the accident, the treatment rendered was reasonable, related, and necessary, and any surgeries performed were medically necessary and resulted in permanent and significant scarring. *Id.* Significantly, only Dr. Weisz is expected to provide an opinion that Plaintiff Juan Torres will require further surgery to treat the injuries sustained in the accident.[1] *Id.*

Three days after expert disclosures were served, Defendant deposed the Plaintiffs. *See* ECF No. [49]. Pursuant to the Court's Scheduling Order, all expert and fact discovery closed on July 3, 2018. *See* ECF No. [14]. Importantly, Defendant did not seek to depose any of Plaintiffs' treating physicians identified in the Expert Witness Disclosures. Three weeks after the close of discovery, Defendant filed the Motion to Strike currently before the Court. *See* ECF No. [42]. Within the Motion, Defendant argues that the experts should be stricken, or their testimony limited, for Plaintiffs' failure to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *Id.* at 2-8. Further, Defendant argues that the failure to provide the written expert report is prejudicial in that opinions on causation, future treatment and medical costs come as a "surprise" to Defendant, it is "impossible" to cure the prejudice because the discovery deadline has expired, belated production of expert reports would disrupt the trial, and Plaintiffs have no good reason for their failure to produce the reports.

---

[1] In the Reply, Defendant argues that the Expert Witness Disclosures' "Subject Matter" section indicates that all four treating physicians will opine about Plaintiffs' need for future surgery and medical treatment. The "Subject Matter" portion of the disclosures appears to be a generic description for each treating physician. Significantly, the "Summary of Facts and Opinions" section is specific to each treating physician's opinions as to each Plaintiff and the only physician who will opine about the need for future medical treatment is Dr. Weisz with regard to Juan Torres. *See* ECF No. [41-1]. Defendant concedes that Dr. Weisz's medical records for Juan Torres indicate the need for future surgery. *See* ECF No. [56] at 7. Based upon the Court's review of the "Summary of Facts and Opinions" portion of the disclosures, it does not appear that any other physician will opine about the need for future surgery or medical treatment.

*Id.* at 8-9. Plaintiffs maintain that they were not required to furnish written reports pursuant to Rule 26(a)(2)(B), but to the extent they were, they seek an opportunity to remedy the deficiency as the omission was harmless and striking the experts is too draconian a remedy. *See* ECF No. [49].

"When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Products Liability Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (internal citation and quotations omitted). "By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *Id.* According to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In determining whether the failure to disclose is substantially justified or harmless, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010) (quoting *Warner v. Ventures Health Care of Gainesville, Inc.*, 2001 WL 36098008, at *1 (M.D. Fla. Aug. 1, 2011) (internal citations and quotations omitted).

Plaintiffs and Defendant dispute whether the treating physicians disclosed by Plaintiffs are experts intending to offer testimony for which a full report should have been required under

Rule 26. This case is similar to this Court's opinion in *Herrera v. Wal-Mart Stores East*, *L.P.* as well as *Jones v. Royal Caribbean Cruises, Ltd.* and *Kondragunta v. Ace Doran Hauling & Rigging Co.* – all cases in which the plaintiffs failed to adequately comply with the disclosure requirements set forth in Rule 26(a) for treating physicians. *See Herrera v. Wal-Mart Stores East*, *L.P*, No. 17-cv-600087-BLOOM/Valle, ECF No. [27] (S.D. Fla. May 15, 2017) (denying motion to strike experts when the defendant waited to raise the sufficiency of the disclosures for the plaintiffs' treating physicians until after the close of discovery); *Jones v. Royal Caribbean Cruises, Ltd.,* No. 12-20322-CIV, 2013 WL 8695361, at *4-5 (S.D. Fla. Apr. 4, 2013); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, 1:11-CV-01094-JEC, 2013 WL 1189493, at *7 (N.D. Ga. Mar. 21, 2013) (declining to strike treating physicians for failure to produce an expert witness report and instead allowing the non-compliant party an opportunity to provide a compliant report after which the moving party could then depose the witness).

Like the defendants in *Jones, Herrera and Kondragunta*, Defendant had the opportunity to seek the intervention of the Court for Plaintiffs' purported non-compliance before the discovery cut-off but failed to do so.

> Defendant [. . .] possibly believ[ed] that Plaintiff's non-compliance would doom his ability to offer any expert testimony. This is in and of itself a risky strategy because the witnesses were in fact disclosed as possible fact witnesses. The decision not to depose them as such, while understandable, does not require exclusion of the witnesses for any and all purposes especially considering the prejudice to Plaintiff.

*Jones*, 2013 WL 8695361 at *4. *See also Kondragunta*, 2013 WL 1189493 at *8 ("The problem for defendants, though, is that they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery, by advising plaintiff that his disclosures did not comply with the rule and by requesting more specific disclosures. . . Defendants did not do so,

but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony.").

The same is true here. Defendant does not claim that it did not know of the identities of Plaintiffs' four treating physicians[2]—but instead attempts to exploit a technicality. Plaintiffs timely served their Expert Witness Disclosures on June 5, 2018, and Defendant did not seek relief from the Court until after the discovery deadline expired on July 25, 2018 – more than six weeks later. Defendant's attempt to preclude Plaintiffs from presenting testimony crucial to their claim on a technicality must fail. *See Jones*, 2013 WL 8695361 at \*4. Had Defendant timely sought the Court's intervention, the outcome may have been different. Here, the potential prejudice to Plaintiffs of striking their experts far outweighs any prejudice to Defendant, especially when Defendant neglected to involve the Court sooner.

Moreover, Defendant's alternative argument that the physicians' causation testimony should be limited at this juncture falls flat. "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Jones*, 2013 WL 8695361, at \*5-6 (quoting *Levine v. Wyeth, Inc.,* 2010 WL 2612579, No. 8:09–cv–854–T–33AEP, at \*1 (M.D. Fla. June 25, 2010)). "[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the

---

[2] Although Defendant claims "surprise," it is hard to fathom that the identities of these treating physicians or their medical opinions came as a surprise when Plaintiffs disclosed their identities in their initial disclosures in November of 2017 and in their Answers to Interrogatories in February of 2018, produced their medical records in November of 2017 and in March and April of 2018, and then provided detailed disclosures for these doctors pursuant to Rule 26(a)(2)(C)(ii) one month before the close of discovery in June of 2018. Defendant did not seek to depose any of these treating physicians in an effort to cure any "surprise." Further, much of the alleged "surprise" – opinions about the need for future medical treatment – is a non-issue as the "Summary of Facts and Opinions" section of the Expert Witness Disclosures makes clear that only Dr. Weisz will opine about Juan Torres' need for future surgery. *See* ECF No. [42-1].

examination and treatment of the patient." *Levine*, 2010 WL 2612579 at *1. However, those treating physicians who cannot be deemed an expert witness and can only be deemed a fact witness "must be precluded from testifying regarding causation issues if that testimony is not 'sufficiently related' to the information disclosed during the course of Plaintiff's treatment or at his deposition." *Id.* For these reasons, "[t]he exact boundaries of the treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial." *Id.* (quoting *Baratta v. City of Largo*, No. 8:01–CV–1894–T–EAJ, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003)). With that said, to the extent Plaintiffs may seek to introduce testimony of the physicians' opinions beyond what would arise from the course of their treatment of Plaintiffs, that testimony will be properly excluded, absent an independent basis for admissibility.

In light of the foregoing, the Court will permit the re-opening of discovery for the limited purpose of allowing Defendant the opportunity to depose Plaintiffs' treating physicians, if it so desires. For the reasons set forth, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Expert Disclosures, **ECF No. [42]**, is **DENIED**, but Defendant shall have the opportunity to depose Dr. Russell D. Weisz, Dr. Edward Chung, Dr. Nir Hus, and Dr. William Toole, **no later than September 7, 2018**. Plaintiffs shall produce these witnesses for deposition **no later than September 7, 2018.**

**DONE AND ORDERED** in Miami, Florida this 6th day of August, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record