# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-81162-BLOOM/Reinhart

JUAN TORRES, and
ALEJANDRO TORRES

      Plaintiffs,

v.

FIRST TRANSIT, INC.,

      Defendant.       /
_____

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant First Transit, Inc.'s ("Defendant")
Motion for Partial Summary Judgment as to Plaintiff, Juan Torres' Wage Loss Claims in the Past
and/or Future, ECF No. [43] ("Defendant's Motion"), and Plaintiffs Juan Torres' and Alejandro
Torres' ("Plaintiffs") Amended Motion for Partial Summary Judgment on the Issues of
Causation and Permanence, ECF No. [53], ("Plaintiffs' Motion") (collectively, the "Motions").
The Court has carefully reviewed the Motions, the record, all supporting and opposing filings,
the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow,
Plaintiffs' Motion is granted and Defendant's Motion is denied.

## I.     BACKGROUND

On October 17, 2017 Plaintiffs filed their Complaint against Defendant for injuries
allegedly sustained as a result of a motor vehicle accident which occurred on September 30,

2017.  *See* ECF No. [1].  Defendant has admitted fault for the accident,  ECF No. [64] at 1, and that Plaintiffs were injured in the accident,  ECF No. [52] ¶ 5.[1]

### A.  Permanent Injury

Each Plaintiff was treated by Dr. Russell Weisz, who is based out of South Palm Orthopedic.  *Id.* ¶¶ 21-22.  Defendant hired Dr. Michael Zeide to perform an independent medical examination ("IME") on each Plaintiff.  *Id.* ¶ 6.  Dr. Zeide performed the IMEs on May 23, 2018 and issued his findings on May 23, 2018.  *Id.* ¶ 7.

#### 1.  Juan Torres

Dr. Weisz opined that Juan Torres sustained a permanent injury within a reasonable degree of medical probability.  *Id.* ¶ 13.

Dr. Zeide opined in his IME report that Juan Torres has a 16% Whole Person Impairment ("WPI") rating.  *Id.* ¶ 8.  Dr. Zeide attributed to the subject accident injuries to Juan Torres of compression fracture L4, L1-5; transverse process fractures; comminuted fractures proximal tibia and fibula; and fracture medial and posterior malleolus.  *Id.* ¶ 10.  Dr. Zeide reported that except for Juan Torres' right ankle fracture, no ongoing or future medical treatment is medically necessary, related, or reasonable as to any other claimed injury.  ECF No. [65] ¶ 15.  Dr. Zeide opined that Juan Torres is capable of full duty activities except for climbing and squatting.  *Id.* ¶ 16.

#### 2.  Alejandro Torres

Dr. Weisz opined that Alejandro Torres sustained a permanent injury within a reasonable degree of medical probability.  *Id.* ¶ 14.

---

[1] To the extent that Plaintiffs or Defendant did not dispute portions of Defendant or Plaintiffs' Statement of Material Facts, the Court cites directly to Plaintiffs' or Defendant's Statements for ease of reference.

Dr. Zeide opined in his IME report that Alejandro Torres has a 5% WPI Impairment rating. *Id.* at 8. Dr. Zeide attributed to the subject accident injuries to Alejandro Torres of right rib fractures; right sternal body fracture; mid-femoral shaft fracture; distal femoral shaft fracture; comminuted fracture of the patella; non-displaced fracture of the proximal fibula; and right intra-articular calcaneal fracture. *Id.* at 12. Dr. Zeide reported that Alejandro Torres' fractures have healed and that he is capable of full duty activities, including being a tree trimmer, without restrictions.

### B.     Lost Wages and Reduction of Future Earning Capacity

Juan Torres claims lost wages and reduction of future earning capacity as a result of the subject accident. ECF No. [44] ¶ 3. Prior to the subject accident, Juan Torres worked as a landscaper for a company that he owns. *Id.* ¶ 4. Juan Torres testified that he stopped working as a result of the subject accident due to his injuries. *Id.* ¶¶ 9-10. He has not worked in any capacity since the date of the accident. *Id.* ¶ 11. Juan Torres testified that he cannot do anything to help his landscaping business out whatsoever. *Id.* ¶ 19.

Juan Torres confirmed that his 2016 and 2017 income taxes accurately reflect that his landscaping business earned $12,256 and $11,202 in net income, respectively. *Id.* ¶¶ 23, 25. Juan Torres testified that after employment taxes were subtracted his business earned a total of $11,390 and $10,410 in years 2016 and 2017, respectively. *Id.* ¶¶ 24, 26. Contradictorily, Juan Torres claimed to have earned approximately $6,500 in profits per month working as a landscaper, in his answers to interrogatories and deposition testimony. *Id.* ¶ 20.

## II.    LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations.  *See* Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).  The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.  The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each

essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence in the record supports the uncontroverted material facts that the movant has proposed. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

## III.    DISCUSSION

The Court will address the Motions together.

### A.    Causation and Permanence

The parties agree that each Plaintiff sustained injuries that were caused by the accident at issue. Defendant contests causation only as to Juan Torres' claimed back injury, contending that Dr. Zeide concluded that the injury does not relate to the subject accident. ECF No. [64] at 6-7. However, "[a]s long as **part** of the bodily injury arising out of the motor vehicle accident involves a permanent injury 'within a reasonable degree of medical probability,' the plaintiff can recover noneconomic damages related to his pain, suffering, mental anguish, and inconvenience for all of the injuries related to the accident." *Wald v. Grainger*, 64 So.3d 1201, 1207 (Fla. 2011) (emphasis added); *see also Dewit v. UPS Ground Freight, Inc.*, No. 2017 WL 4875721, at *3 (N.D. Fla. Aug. 2, 2017) (that "only *some* of [plaintiff's] injuries are permanent . . . is not a sufficient basis to deny" plaintiff's motion for summary judgment). Since there is no dispute that

Plaintiffs' other injuries were caused by the subject accident the Court finds that any dispute concerning Juan Torres' claimed back injury is not material.

Having addressed causation, the question before the Court is whether a genuine issue of material fact exists regarding the permanency of Plaintiffs' injuries. Each Plaintiff has met his initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact. Dr. Weisz opined that each Plaintiff sustained a permanent injury caused by the subject accident, within a reasonable degree of medical probability. Additionally, Dr. Michael Zeide, whom Defendant hired to perform a compulsory medical examination of each Plaintiff, ascribed numerous injuries to the subject incident and assigned Alejandro Torres a 5% permanent impairment rating and Juan Torres a 16% permanent impairment rating. *See* ECF No. [53] at 4.

Defendant has failed to meet its burden to establish that a genuine issue of material fact exists. Defendant concedes that "the record shows that the medical experts agreed to permanency of certain of the Plaintiffs' injuries. ECF No. [64] at 7. Yet, Defendant contends that (1) there is conflicting evidence as to whether Plaintiffs are able to return to work; and (2) Alejandro Torres' fractures have healed and he does not need future medical treatment. ECF No. [64] at 5-7. Defendant has not identified – nor is this Court aware of – any case law suggesting that an individual's injuries are not permanent if the individual is able to return to work or if the individual does not require future medical treatment. Moreover, although Dr. Zeide opined that Alejandro Torres' fractures have healed, he assigned an impairment rating of the extremity of 7% and 3%, respectively, resulting from the fractured proximal tibia and fibula and the fractured medial posterior malleolus. The Court finds Defendant's facts do not controvert the consensus

of Dr. Zeide and Dr. Weisz that Plaintiffs' suffered permanent injuries directly caused by the subject accident.

### B.     Wage Loss and Loss of Earning Capacity

The Court finds that Defendant has failed to meet its initial burden to demonstrate the absence of a genuine issue of material fact as to Juan Torres' wage loss and loss of earning capacity claims. Juan Torres produced tax returns for 2016 and 2017 showing the net income earned by his landscaping company prior to the date of the accident. Juan Torres also testified that he has not worked since the date of the accident, and cannot work, due to his injuries resulting from the accident. Moreover, Juan Torres' treating physician. Dr. Weisz, opined that Juan Torres sustained a permanent injury within a reasonable degree of medical probability and Dr. Zeide opined that Juan Torres has a 16% WPI Impairment rating and is not capable of climbing or squatting. These facts are sufficient to create a genuine issue of material fact as to Juan Torres' wage loss and loss of earning capacity claims.

Defendant argues that Juan Torres has not put forth evidence to allow a jury to calculate lost wages or a loss of future earnings. However, Juan Torres may be able to present additional evidence at trial to support his wage loss and loss of future earnings claims. *See Schwartz v. NCL (Bahamas), Ltd.*, 2009 WL 10666957, at *1 n.1 (S.D. Fla. Oct. 1, 2009) ("[defendant] also disputes [plaintiff]'s entitlement to damages for lost wages, but this argument is frivolous at the summary judgment stage and I need not address it here"); *Ortiz v. Home Depot USA, Inc.*, 2013 WL 5774873, at *1 (S.D. Fla. Oct. 25, 2013) (denying motion in limine to strike claim for loss of future wages). At this stage, the tax returns of Juan Torres's business in addition to his deposition testimony are sufficient to avoid summary judgment.

The Court is also unpersuaded by Defendant's argument that Juan Torres did not provide a computation of his damages that satisfies the initial disclosure requirements of Fed. R. Civ. P.

26(a)(1)(A)(iii).[2]   Failure to comply with Rule 26 disclosures is not a basis for summary judgement.  As explained in *XTEC, Inc. v. Cardsmart Techs., Inc.*, in denying a motion in limine after the discovery period had closed, "[t]hough it is Plaintiff's obligation to produce the disclosures in a timely manner, failure to do so permitted Defendant to move to compel the production (upon proper conferral), at which point this Court could have cured the problem and imposed a reasonable sanction."  2014 WL 10250973, at *4 (S.D. Fla. Dec. 2, 2014);  *see also Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011) (the failure to "provide a computation of damages … is not sufficient to support summary judgment …"). Here, Defendant for the first time on summary judgment, states that "[a]lthough the disclosure contained a computation of damages, the disclosure failed to provide or make available for inspection and copying any documents on which the computation was based."  ECF No. [43] at 4.  To the extent that Juan Torres failed to comply with Rule 26, it does not entitle Defendant to summary judgment.

Finally, Defendant identified an inconsistency between Juan Torres' answer to an interrogatory claiming that his company earned $6,500 in profits per month, as well as deposition testimony confirming that answer, and his deposition testimony stating that the 2016 and 2017 tax returns reflect his company's profits of $11,390 and $10,410, respectively.  Plaintiff will bear the consequences of the credibility issues at trial, but Plaintiff has created a triable issue of material fact as to the amount of money that he earned as a landscaper prior to the accident.  *See Berman v. Target*, 2016 WL 4531738, at *3 (S.D. Fla. Aug. 30, 2016) (in denying motion for summary judgement, declining to "disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition").  Accordingly, Defendant's Motion for Partial Summary Judgment is denied.

---

[2] Defendant incorrectly refers to Fed. R. Civ. P. 26(a)(1)(C).  *See* ECF No. [43] at 4, 6.

**IV.     CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion for Partial Summary Judgment as to Plaintiff, Juan Torres'

    Wage Loss Claims in the Past and/or Future, **ECF No. [43]**, is **DENIED**;

2.  Plaintiffs' Amended Motion for Partial Summary Judgment on the Issues of

    Causation and Permanence, **ECF No. [53]**, is **GRANTED.**

**DONE AND ORDERED** in Miami, Florida this 18th day of September, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record