UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 17-81162-CIV-BLOOM/Reinhart

**JUAN TORRES and**
**ALEJANDRO TORRES,**

    Plaintiffs,

v.

**FIRST TRANSIT, INC.,**

    <u>Defendant</u>                    /

## **<u>COURT'S INSTRUCTIONS TO THE JURY</u>**

Members of the jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case.

    When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### **<u>The Duty to Follow Instructions – Corporate Party Involved</u>**

    Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

    You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

    The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as

equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## **Consideration of Direct and Circumstantial Evidence;**
## **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them

inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

### Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs, Juan Torres and Alejandro Torres to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendant, First Transit, Inc., as to that claim. In this case, the Defendant has admitted that they are liable to the Plaintiffs for causing their damages

. **Personal Injuries: Introduction**

    *a.    When directed verdict is given on liability:*

You should award Plaintiffs Juan Torres and Alejandro Torres an amount of money that the greater weight of the evidence shows will fairly and adequately compensate them for their respective loss, injury or damages, including any damage Juan Torres and Alejandro Torres are reasonably certain to incur or experience in the future. You shall consider the following elements:

**Personal Injury and Property Damages: Elements**

*a.    Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:*

Any bodily injury sustained by Juan Torres and Alejandro Torres and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the

future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

b.   *Medical expenses:*
     *Care and treatment of claimant:*

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Juan Torres and Alejandro Torres in the past.

### Mortality Tables

If the greater weight of the evidence shows that Juan Torres and Alejandro Torres have been permanently injured, you may consider Juan Torres and Alejandro Torres' life expectancy. The mortality tables received in evidence may be considered in determining how long Juan Torres and Alejandro Torres may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Juan Torres and Alejandro Torres' health, age and physical condition, before and after the injury, in determining the probable length of their respective lives.

### Duty to Deliberate When the Plaintiffs Claim Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and

change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### **Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**17-cv-81162-BLOOM/Reinhart**

**JUAN TORRES and
ALEJANDRO TORRES,**

       **Plaintiffs,**

**vs.**

**FIRST TRANSIT, INC.,**

       **Defendant.**

_____/

**VERDICT FORM FOR JUAN TORRES**

We, the jury, return the following verdict:

1. What is the total amount of any damages sustained by plaintiff, JUAN TORRES, in the past?

       **for medical expenses**       $ _____

2. What is the amount of any damages sustained by plaintiff, JUAN TORRES, for pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life?

     a.    **In the past**       $ _____

     b.    **In the future.**       $ _____

**Total damages of JUAN TORRES
(Add lines 1, 2a and 2b)**       $ _____

SO SAY WE ALL, this _____ day of November, 2018.

                                       _____
                                       **FOREPERSON**

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

17-cv-81162-BLOOM/Reinhart

**JUAN TORRES and
ALEJANDRO TORRES,**

        **Plaintiffs,**

**vs.**

**FIRST TRANSIT, INC.,**

        **Defendant.**

_____/

**VERDICT FORM FOR ALEJANDRO TORRES**

    **We, the jury, return the following verdict:**

    **1.**    What is the total amount of any damages sustained by plaintiff, ALEJANDRO TORRES, in the past?

        **For medical expenses**    $_____

    **2.**    What is the amount of any damages sustained by plaintiff, ALEJANDRO TORRES, for pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life?

        **a.**    **In the past**    $_____

        **b.**    **In the future.**    $_____

**Total damages of ALEJANDRO TORRES
(Add lines 1, 2a and 2b)**    $_____

**SO SAY WE ALL, this _____ day of November, 2018.**

                _____
                **FOREPERSONN**